**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, LAFE BALL,<br>*Plaintiff,*<br>v.<br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON VISION, LLC,<br>*Defendants.* | Case No. 2:23-cv-03414-NIQA |

**DEFENDANTS ALCON VISION, LLC AND ALCON LABORATORIES, INC.'S**
**MOTION TO TRANSFER VENUE**

Defendants Alcon Vision, LLC and Alcon Laboratories, Inc. (together, "Defendants"), by and through their undersigned attorneys, hereby move this Court pursuant to 28 U.S.C. § 1404(a) to transfer this Action to the Fort Worth Division of the United States District Court for the Northern District of Texas. In support of this Motion, Defendants submit the accompanying Memorandum of Law, which is incorporated herein by reference.

WHEREFORE, Defendants respectfully request that this Court transfer this Action to the Fort Worth Division of the United States District Court for the Northern District of Texas.

Dated: September 2, 2026

Respectfully submitted,

*<u>/s/ Amy B. Carver</u>*
Catherine M. Recker (PA ID No. 56813)
Amy B. Carver (PA ID No. 84819)
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Tel: (215) 972-6430
Fax: (985) 617-1021
cmrecker@welshrecker.com
abcarver@welshrecker.com

Ilene Albala (admitted *pro hac vice*)
J. Kirk Ogrosky (admitted *pro hac vice*)
Jordan L. Moran (admitted *pro hac vice*)
Jenna Welsh (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel: +1 202 346 4000

*Counsel for Defendants Alcon Inc.; Alcon Laboratories, Inc.; and Alcon Vision, LLC.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, LAFE BALL,<br><br>*Plaintiff,*<br>v.<br><br>ALCON, INC., ALCON LABORATORIES, INC., and ALCON VISION, LLC,<br><br>*Defendants.* | Case No. 2:23-cv-03414-NIQA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ALCON VISION, LLC AND ALCON LABORATORIES, INC.'s MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ... ii

INTRODUCTION ... 1

BACKGROUND ... 1

A. Defendants ... 1

B. This Proceeding ... 2

C. Relator's Texas Action ... 3

D. Procedural History ... 4

LEGAL STANDARD ... 4

ARGUMENT ... 5

I. RELATOR COULD HAVE BROUGHT THIS ACTION IN THE FORT WORTH DIVISION OF THE NORTHERN DISTRICT OF TEXAS. ... 5

A. Venue is Proper in the Northern District of Texas, Fort Worth Division. ... 5

B. Personal Jurisdiction Poses No Barrier to Proceeding in Texas. ... 7

II. THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER. ... 9

A. Private Interest Factors Favor Transfer to the Northern District of Texas. ... 10

B. The Public Interest Factors Likewise Favor Transfer. ... 14

CONCLUSION ... 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atwood v. A-Del Constr. Co.*,
2024 WL 7004926 (E.D. Pa. Dec. 10, 2024) ....................11

*Ball v. Alcon Vision LLC*,
No. 141-349539-24 (141st Dist. Ct., Tarrant Cty., Tex.) .................... *passim*

*Bensalem Lodging Assocs., LLC v. Holiday Hospitality Franchising, LLC*,
575 F. Supp. 3d 532 (E.D. Pa. 2021) ....................4

*Berk v. Equifax, Inc.*,
2020 WL 868128 (E.D. Pa. Feb. 21, 2020) ....................13

*Bogollagama v. Equifax Info. Servs., LLC*,
2009 WL 4257910 (E.D. Pa. Nov. 30, 2009) ....................15

*Bombin v. Sw. Airlines Co.*,
529 F. Supp. 3d 411 (E.D. Pa. 2021) ....................4

*Connors v. R & S Parts & Servs., Inc.*,
248 F. Supp. 2d 394 (E.D. Pa. 2003) ....................5

*Curcio ex rel. United States v. CCS Med., Inc.*,
2023 WL 4295738 (D.N.J. June 30, 2023) ....................6

*Darrup v. Wal-Mart Stores E., LP*,
2021 WL 632625 (E.D. Pa. Feb. 18, 2021) ....................13

*Delta/Ducon Components Grp. Co. v. Ducon Env't Sys., Inc.*,
2000 WL 378057 (E.D. Pa. Mar. 29, 2000) ....................15

*United States ex rel. Ferguson v. Lockheed Martin Corp.*,
2023 WL 8719443 (E.D. Tex. Dec. 18, 2023) ....................7, 15

*In re Fine Paper Antitrust Litig.*,
685 F.2d 810 (3d Cir. 1982) ....................8

*Finn v. Great Plains Lending, LLC*,
2016 WL 705242 (E.D. Pa. Feb. 23, 2016) ....................6

*Harper v. Sky King Fireworks, Inc.*,
2020 WL 4039060 (E.D. Pa. July 16, 2020) ....................11, 12, 15

*Howell v. Shaw Indus.*,
1993 WL 387901 (E.D. Pa. Oct. 1, 1993)....................15

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995)....................4

*Kallman v. Aronchick*,
981 F. Supp. 2d 372 (E.D. Pa. 2013)....................8

*Kozel v. Kozel*,
2016 WL 11643578 (W.D. Pa. May 23, 2016)....................8

*United States ex rel. Landsberg v. Levinson*,
2006 WL 895044 (W.D. Pa. Mar. 29, 2006)....................8

*United States ex rel. Longo v. Wheeling Hosp., Inc.*,
2019 WL 2417042 (W.D. Pa. June 10, 2019)....................14

*Malik v. Cabot Oil & Gas Corp.*,
710 F. App'x 561 (3d Cir. 2017)....................6

*McKinney v. Pinter*,
2019 WL 952247 (E.D. Pa. Feb. 26, 2019)....................16

*Miller v. Walmart, Inc.*,
2025 WL 2901072 (E.D. Pa. Oct. 10, 2025)....................16

*Mobley v. ADP Screening & Selection Servs., Inc.*,
2013 WL 396165 (D.N.J. Jan. 30, 2013)....................13

*Nathan v. Takeda Pharms. U.S.A., Inc.*,
2019 WL 3216613 (E.D. Pa. July 17, 2019).................... *passim*

*Partin v. Paul*,
2016 WL 7392040 (S.D. Miss. Dec. 21, 2016)....................7

*Pennigar v. Craig*,
2026 WL 1245722 (E.D. Pa. May 6, 2026)....................12, 14, 16

*Roudabush v. Rondo, Inc.*,
2015 WL 12844273 (E.D. Pa. Feb. 4, 2015)....................5

*S.L.W. v. Res. for Hum. Dev.*,
2026 WL 821844 (E.D. Pa. Mar. 25, 2026)....................12, 16

*Willis v. Chase Home Fin.*,
923 F. Supp. 2d 89 (D.D.C. 2013)....................7

**Statutes**

28 U.S.C. § 1331 ........................................ 5

28 U.S.C. § 1391(b)(2) ........................................ 6

28 U.S.C. § 1391(c)(2) ........................................ 6

28 U.S.C. § 1404(a) ........................................ *passim*

False Claims Act, 31 U.S.C. §§ 3729–3733

31 U.S.C. § 3729(a)(1) ........................................ 2

31 U.S.C. § 3730(h) ........................................ 2

31 U.S.C. § 3732(a) ........................................ 5, 6, 7, 8

**Rules**

Fed. R. Civ. P. 8(a) ........................................ 4

Fed. R. Civ. P. 9(b) ........................................ 4

Fed. R. Civ. P. 12(b)(2) ........................................ 8

Fed. R. Civ. P. 12(b)(6) ........................................ 4

Tex. R. Civ. P. 11 ........................................ 3, 10

**Other Authorities**

U.S. Courts, *Federal Court Management Statistics: U.S. District Courts–Combined Civil and Criminal* (Dec. 31, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf ........................................ 16

U.S. Distr. Court, N. Dist. of Tex., *Locations: Fort Worth*, *https://www.txnd.uscourts.gov/location/fort-worth* ........................................ 7

## INTRODUCTION

This case should be litigated in Texas. Relator has sued two Fort Worth-based companies, Alcon Vision, LLC ("Alcon Vision") and Alcon Laboratories, Inc. ("Alcon Laboratories"), for conduct centered in Texas, and neither he nor this case have any alleged ties to this District.

This Court may transfer any civil action, for the convenience of the parties and in the interest of justice, to any division or district in which it might have been brought. 28 U.S.C. § 1404(a). Relator could and should have brought this case in the U.S. District Court for the Northern District of Texas; indeed, while this case was under seal, Relator sued Alcon Vision in Fort Worth for certain of the same conduct. Like that case, Relator's complaint here alleges conduct that occurred in or originated from Fort Worth, where Alcon Vision and Alcon Laboratories are headquartered and most witnesses reside. Fort Worth is a closer and more convenient forum for Defendants and for Relator, a California resident. And this case should be litigated in Fort Worth because Relator's claims require the interpretation and application of Texas law. In his Texas litigation, Relator asserted employment claims under Texas law against Alcon Vision, and the parties' settlement of those claims should preclude his overlapping claim in this action. A court in Texas is best suited to conduct that analysis. Under the circumstances, no Pennsylvania court or jury should be required to adjudicate a case that has no ties to the state—not when another forum, with a far greater interest in the litigation, is available. Accordingly, the case should be transferred to the Fort Worth Division of the U.S. District Court for the Northern District of Texas.

## BACKGROUND

### A. Defendants

Relator's Complaint names three Defendants. Alcon Vision and Alcon Laboratories, Alcon Vision's indirect parent company, are organized under Delaware law and maintain their

principal places of business in Fort Worth, Texas. Ex. A, Declaration of Thomas Hudnall ("Hudnall Decl.") ¶¶ 6–7. By contrast, the third Defendant, Alcon Inc., is a Swiss company that maintains its principal place of business in Fribourg, Switzerland. *Id.* ¶ 8.

Alcon Vision is a leader in the U.S. eye care industry. Alcon Vision sells ophthalmic surgical equipment and vision care products. *See* Compl. ¶¶ 5, 38. To ensure that the company's surgical devices remain in good working order, Alcon Vision also provides maintenance and support services. *Id.* ¶¶ 5, 40. After an initial warranty period, customers may purchase additional equipment service coverage from Alcon Vision on an as-needed or term basis. *Id.* Alcon Vision provides this service coverage through its U.S. Surgical Equipment Services & Support Division (the "Services Division"), which is based in Fort Worth, Texas. Ex. B, Declaration of Brian Pierro ("Pierro Decl.") ¶ 10. The Services Division's management team and sales personnel responsible for selling service contracts sit in Fort Worth. *Id.* ¶ 10.

**B. This Proceeding**

Relator was a member of Alcon Vision's Services Division until February 2023, when his employment was terminated. Compl. ¶¶ 2, 164. Relator filed this *qui tam* action in August 2023. Relator claims that Alcon Vision, Alcon Laboratories, and Alcon Inc. (which he collectively calls "Alcon") violated the False Claims Act ("FCA") three ways: first, by offering customers discounts on equipment service contracts to induce those customers to purchase intraocular lenses ("IOLs"), a prosthetic lens used in cataract surgeries, *id.* ¶¶ 32–34; second, by not offering the U.S. Department of Veterans Affairs discounts on service contracts, *id.* ¶¶ 35–37; and by terminating Relator after he allegedly voiced concerns about these alleged practices, *id.* ¶¶ 159–164. Relator asserts two claims for violation of the FCA: causing the submission of false claims or statements under 31 U.S.C. § 3729(a)(1) and retaliation under 31 U.S.C. § 3730(h). Compl. ¶¶ 165–69.

Relator's Complaint alleges no facts that occurred in or are tied to Pennsylvania. Indeed, the Complaint does not mention a single person, entity, or act connected to the state. *See* Pierro Decl. ¶¶ 14–17 (observing that all named customers and employees identified in the Complaint are located outside of Pennsylvania).

### C. Relator's Texas Action

While this *qui tam* was under seal, Relator filed an overlapping lawsuit in January 2024 against Alcon Vision in the 141st Judicial District Court for Tarrant County, Texas. *See Ball v. Alcon Vision LLC*, No. 141-349539-24 (141st Dist. Ct., Tarrant Cty., Tex.). In that lawsuit, Relator alleged that Alcon Vision unlawfully retaliated against him, and sought recovery under Texas law. *See* Ex. C, Declaration of Ilene Albala ("Albala Decl.") ¶¶ 2–4; Ex. 1 to Albala Decl., Complaint ¶¶ 24–35, *Ball v. Alcon Vision, LLC*, No. 141-349539-24 (141st Dist. Ct., Tarrant Cty., Tex. Jan. 19, 2024) ("Tex. Compl.").

Relator alleged that venue was proper in Tarrant County "because th[e] action accrued in whole or in part at [Alcon Vision]'s place of business in Tarrant County, Texas, where Ball was subjected to" allegedly "unlawful employment practices." Tex. Compl. ¶ 7.

The Texas litigation proceeded through discovery before a mediation in January 2025. *See* Albala Decl. ¶ 5; Ex. 2 to Albala Decl., Docket, *Ball v. Alcon Vision, LLC*, No. 141-349539-24 (141st Dist. Ct., Tarrant Cty., Tex.) ("Tex. Docket"). In mediation, the parties executed a settlement agreement "made pursuant to Rule 11, Texas Rules of Civil Procedure." Ex. 3 to Albala Decl., Mediated Settlement Agreement ¶ 7 (Jan. 7, 2025) ("Settlement Agreement"). As part of the settlement, Relator agreed to a "full and complete release in favor of Alcon and all of those in privity with Alcon relating to the subject matter of the Lawsuit and all disputes between them, whether the subject of the Lawsuit or not." *Id.* ¶ 2. After the settlement, the court dismissed the case. Tex. Docket at 1, 4.

**D. Procedural History**

After investigating Relator's claims, the United States declined to intervene in this *qui tam* action and notified the Court of its decision on March 2, 2026. Dkt. #14. On May 12, 2026, this Court unsealed the Complaint and all exhibits thereto. Dkt. #15.

On July 28, 2026, Defendants moved to bifurcate briefing so that the issues of personal jurisdiction and venue would be determined before any motion to dismiss was filed under Rules 8(a), 9(b), and 12(b)(6). Dkt. #31. This Court granted that motion on August 10, 2026. Dkt. #41.

## LEGAL STANDARD

District courts may "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have "broad discretion" to grant transfers under § 1404(a) when doing so would serve "the convenience of parties and witnesses" and "the interest of justice." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879, 883 (3d Cir. 1995). Transfer is favored when it would "prevent the waste of time, energy, and money" and "protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Bensalem Lodging Assocs., LLC v. Holiday Hospitality Franchising,* LLC, 575 F. Supp. 3d 532, 537 (E.D. Pa. 2021) (Quiñones Alejandro, J.) (citation omitted). When deciding a motion to transfer venue, the district court "is not limited to the pleadings, and may consider affidavits and other evidence." *Bombin v. Sw. Airlines Co.*, 529 F. Supp. 3d 411, 417 (E.D. Pa. 2021) (citation omitted).

Courts assessing a motion to transfer under § 1404(a) first consider whether venue and jurisdiction are proper in the transferee forum. *Nathan v. Takeda Pharms. U.S.A., Inc.*, 2019 WL 3216613, at *2 (E.D. Pa. July 17, 2019) (Quiñones Alejandro, J.). If so, courts then analyze a set of "private" and "public" interest factors to determine "whether the convenience of the parties and witnesses and the interest of justice would be better served by [a] transfer[.]" *Id.* The party seeking transfer need only show that, "all relevant things considered, the case would be better off

transferred to another district." *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 396 (E.D. Pa. 2003) (internal quotations and citation omitted).

**ARGUMENT**

This case belongs in the Fort Worth Division of the Northern District of Texas. First, Relator could have filed this case there: Venue is proper in the Northern District of Texas under the FCA's venue provision and personal jurisdiction poses no obstacle to proceeding in Texas. Second, the private and public interest factors decisively favor transferring this action, which is based on acts that allegedly occurred in Texas and have no apparent ties to Pennsylvania.

## I. RELATOR COULD HAVE BROUGHT THIS ACTION IN THE FORT WORTH DIVISION OF THE NORTHERN DISTRICT OF TEXAS.

The threshold question under § 1404(a) is whether the case "might have been brought" in the transferee district, meaning that the Northern District of Texas is a proper venue and would have jurisdiction over the parties. *Nathan*, 2019 WL 3216613, at *2. Both conditions are met.[1]

### A. Venue is Proper in the Northern District of Texas, Fort Worth Division.

An FCA action like this "may be brought in any judicial district in which the defendant, or in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." 31 U.S.C. § 3732(a). Under that standard, venue is proper in the Northern District of Texas for three reasons.

*First*, Alcon Vision and Alcon Laboratories "can be found" and "transact[] business" in the Northern District of Texas. *Id.* Alcon Vision and Alcon Laboratories each maintain their principal place of business in Fort Worth, Texas, which is within the Northern District of Texas.

[1] The § 1404(a) analysis also asks whether subject matter jurisdiction is proper in the transferee district. *Roudabush v. Rondo, Inc.*, 2015 WL 12844273, at *1 (E.D. Pa. Feb. 4, 2015). The Northern District of Texas plainly has subject matter jurisdiction under both the FCA and standard federal question jurisdiction. *See* 31 U.S.C. § 3732(a); 28 U.S.C. § 1331.

Hudnall Decl. ¶¶ 6–7; Tex. Compl. ¶ 3. There is thus "no dispute" that they "transact business" and "can be found" there. *E.g.*, *Curcio ex rel. United States v. CCS Med., Inc.*, 2023 WL 4295738, at *4 (D.N.J. June 30, 2023) (defendants "can be found in and transact business in the Northern District of Texas" because they "maintain a principal place of business" there).

*Second*, Alcon Vision and Alcon Laboratories also "reside[]" in the Northern District of Texas. 31 U.S.C. § 3732(a). A corporate entity is deemed to reside, for venue purposes, anywhere the entity is subject to personal jurisdiction, 28 U.S.C. § 1391(c)(2), and corporations are subject to personal jurisdiction where they maintain their "principal place of business." *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). The same is true of LLCs. *See Finn v. Great Plains Lending, LLC*, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016) (explaining that the same analysis applies to LLCs). Alcon Vision and Alcon Laboratories are therefore subject to personal jurisdiction in the Northern District of Texas and "reside" there for venue purposes. *See* 31 U.S.C. § 3732(a).

*Third*, a substantial portion of the alleged conduct occurred in the Northern District of Texas and Relator's claims thus arose there. The general venue statute permits a plaintiff to file a civil action in any district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). And the FCA adds that a relator may also file an FCA action "in any judicial district . . . in which *any act* proscribed by section 3729 occurred." 31 U.S.C. § 3732(a) (emphasis added). Here, both of Relator's FCA claims center on alleged conduct involving Alcon Vision's Services Division, which is based in Fort Worth, Texas. Pierro Decl. ¶¶ 10–12. Specifically, Relator claims that the Services Division's pricing of service contracts violated the Anti-Kickback Statute and the FCA, *see generally* Compl. ¶¶ 32–158, and that Relator's superiors in Fort Worth retaliated against him in violation of the FCA, *see id.* ¶¶ 159–

164; Pierro Decl. ¶ 10 (noting Relator's supervisors, including Mr. Jimenez, *see* Compl. ¶ 162, were based at Alcon Vision's Fort Worth headquarters). Indeed, Relator expressly admitted in the Texas litigation that his retaliation claim against Alcon Vision "accrued in whole or in part at [its] place of business in Tarrant County, Texas." Tex. Compl. ¶ 7. Venue is thus proper in the Northern District of Texas for the additional, independent reason that Relator alleges that Alcon Vision's actions in that District violated the FCA.

Within the Northern District of Texas, the Fort Worth Division is the correct venue. The Fort Worth Division encompasses Tarrant County, Texas,[2] where Alcon Vision and Alcon Laboratories each maintain their principal place of business, where the Services Division is based, and where Relator admits his retaliation claim accrued. Hudnall Decl. ¶¶ 6–7; Pierro Decl. ¶ 10; Tex. Compl. ¶ 3. The Court should thus transfer this action to the Fort Worth Division, as numerous courts have done in similar circumstances. *See, e.g.*, *United States ex rel. Ferguson v. Lockheed Martin Corp.*, 2023 WL 8719443, at *3–8 (E.D. Tex. Dec. 18, 2023) (ordering transfer of FCA case to the Fort Worth Division, where defendant's relevant business division was headquartered); *Partin v. Paul*, 2016 WL 7392040, at *3–6 (S.D. Miss. Dec. 21, 2016) (ordering transfer to the Fort Worth Division where "substantial part of the events giving rise to [p]laintiff's claims occurred in Tarrant County"); *Willis v. Chase Home Fin.*, 923 F. Supp. 2d 89, 95–96 (D.D.C. 2013) (similar).

**B. Personal Jurisdiction Poses No Barrier to Proceeding in Texas.**

Texas plainly has personal jurisdiction over both Alcon Vision and Alcon Laboratories. *See* p. 6, *supra*; *see also* 31 U.S.C. § 3732(a) (FCA nationwide service of process provision).

[2] *See* U.S. Dist. Court, N. Dist. of Tex., *Locations: Fort Worth*, *https://www.txnd.uscourts.gov/location/fort-worth* (last visited Aug. 13, 2026).

Relator's Complaint also names Swiss company Alcon Inc. as a defendant. *See* Compl. at 1; Pierro Decl. ¶ 8. Concurrent with this motion, Alcon Inc. has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Dkt. #42.

While Defendants believe that the Court should resolve the Rule 12(b)(2) motion first, this case "might have been brought" in the Northern District of Texas regardless of the outcome of that motion. If the Court dismisses Alcon Inc. for lack of jurisdiction, then that entity is "no longer considered" in the transfer analysis. *Kozel v. Kozel*, 2016 WL 11643578, at *4 (W.D. Pa. May 23, 2016); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 819 (3d Cir. 1982) (affirming transfer under § 1404(a) where "[a]t the time of the transfer … the action 'might have been brought' in the [transferee court] as to all" remaining parties); *Kallman v. Aronchick*, 981 F. Supp. 2d 372, 383 (E.D. Pa. 2013) (dismissing improperly joined defendant and then transferring under § 1404(a)).

Alternatively, if the Court finds that it has personal jurisdiction over Alcon Inc., then the Northern District of Texas would too.[3] Because the FCA provides for nationwide service, the personal jurisdiction analysis in this case focuses on Alcon Inc.'s nationwide contacts, such that personal jurisdiction (if it exists) would lie in any federal district court. *See United States ex rel. Landsberg v. Levinson*, 2006 WL 895044, at *3 (W.D. Pa. Mar. 29, 2006). As a result, a determination that Alcon Inc.'s national contacts suffice for personal jurisdiction in this Court would also necessarily determine that it is subject to jurisdiction in the Northern District of Texas. *Id.* Either way, then, this case "might have been brought" in the Northern District of Texas.

---

[3] Alcon Inc.'s presence (or lack thereof) in the case also does not impact the venue analysis. Venue is proper in the Northern District of Texas under the FCA both because at least "one defendant can be found, resides, [and] transacts business" there and because Relator alleges at least one "act proscribed by [the FCA] occurred" there. 31 U.S.C. § 3732(a).

## II. THE PRIVATE AND PUBLIC INTEREST FACTORS FAVOR TRANSFER.

The public and private interest factors heavily favor transfer. This Court's decision in *Nathan v. Takeda Pharmaceuticals* is instructive. There, the plaintiff sued his former employer under the FCA and state law for retaliation based on events that took place in Reston, Virginia. *Nathan*, 2019 WL 3216613, at *1. The employer moved to transfer the case to the Eastern District of Virginia, where the company was headquartered, where most of the events at issue had occurred, and where the plaintiff had previously litigated a *qui tam* and Title VII action. *Id.* at *1–2.

This Court held that the private and public interest factors favored transfer and granted defendant's motion. *Id.* at *7. With respect to the private interest factors, the Court emphasized that plaintiff's chosen forum was not his home, most of the alleged events had occurred in Virginia, plaintiff lived closer to the Eastern District of Virginia than the chosen forum, and plaintiff had already litigated there. *Id.* at *4–6. Similar considerations governed the public-interest analysis: The Eastern District of Virginia had a greater interest in hearing the case, witnesses were likely located there, and that district was likely to be more familiar with relevant state law. *Id.* at *6–7.

This case mirrors *Nathan*. Neither Relator nor Defendants are at home in the Eastern District of Pennsylvania. *See id.* at *4–5. The vast majority of the alleged conduct occurred in the Fort Worth Division of the Northern District of Texas, so that is where potential witnesses and evidence are located. *See id.* at *5; Pierro Decl. ¶ 10–16. Relator resides in California, considerably closer to the Northern District of Texas than this District, and Relator has already litigated a related case against Alcon Vision in the Tarrant County, Texas District Court in Fort Worth, in which he again claimed that his termination was retaliatory. *See Nathan*, 2019 WL 3216613, at *5.

A court in the Northern District of Texas is also "likely to be more familiar with [Texas] law," which strongly "weighs in favor of transfer." *Nathan*, 2019 WL 3216613, at *7. Resolving

Relator's claims will require a court to interpret and apply Texas law. Relator's FCA claim, for instance, centers on Alcon's service contracts: Relator alleges that the terms of the contracts amounted to unlawful "remuneration" under the Anti-Kickback Statute. Interpreting the contracts would be a natural part of assessing that claim, and the contracts themselves are governed by, and must be interpreted in accordance with, Texas law. Pierro Decl. ¶ 12 (Alcon Vision's service contracts have Texas choice-of-law provisions). Resolving Relator's retaliation claim, meanwhile, will require a court to interpret and apply Texas law because Defendants intend to argue that Relator is barred from pursuing that claim given the release that he executed in the Texas litigation pursuant to Rule 11 of the Texas Rules of Civil Procedure. *See* Settlement Agreement ¶ 7.

In fact, this case is an even stronger candidate for transfer than *Nathan*. There, several years had passed between when plaintiff first litigated in the transferee court and when he filed the new case in the Eastern District of Pennsylvania. *Id.* at *1. Here, the California-based Relator filed this lawsuit under seal and then, months later, chose to bring overlapping claims under Texas law in a Fort Worth court, and that case was closed less than a year ago. *See* Tex. Docket at 1–4. Relator's post-filing conduct in this case demonstrates that Texas is the more convenient and appropriate forum for Relator's claims against Texas-based Alcon Vision and Alcon Laboratories. *See Nathan*, 2019 WL 3216613, at *5 (finding convenience of the parties favored transfer because plaintiff had litigated in transferee forum years before initiating new lawsuit).

As *Nathan* reflects, the private and public interest factors decisively favor transfer.

**A. Private Interest Factors Favor Transfer to the Northern District of Texas.**

Courts weigh six private interest factors when assessing whether to grant a transfer motion: "(1) the plaintiff's forum preference …; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and

records." *Atwood v. A-Del Constr. Co.*, 2024 WL 7004926, at *3 (E.D. Pa. Dec. 10, 2024). Here, Relator's forum preference is not entitled to deference and all other factors favor transfer.

**1. Relator's claims arose in Texas.**

"When the majority of operative facts and events giving rise to" the claims "take place in another forum, that weighs *heavily* in favor of transfer." *Harper v. Sky King Fireworks, Inc.*, 2020 WL 4039060, at *3 (E.D. Pa. July 16, 2020) (emphasis added; internal quotations and citation omitted). Transfer is especially favored where the conduct "giving rise to the action occurred in the [transferee] district." *Id.*; *see also Nathan,* 2019 WL 3216613, at *5 (the fact that defendant owned and operated the Reston, VA location where the alleged retaliation had occurred supported transfer of FCA retaliation case to the Eastern District of Virginia). That is the case here.

All of the alleged conduct "giving rise to this instant action occurred" outside of Pennsylvania—and most of the alleged facts (though Defendants dispute them) occurred in Texas. The alleged conduct of Alcon Vision's Services Division forms the core of Relator's Complaint. That Division operates out of Fort Worth, Texas, where its management team and sales personnel responsible for selling equipment service contracts are based. Pierro Decl. ¶ 10; *see also* Designation Form, Dkt. #1 at 3 (alleging "Address of Defendant" is in Fort Worth, Texas). Alcon Vision's equipment service contracts—likewise a focus of the Complaint—were reviewed, approved, and executed there, and are governed by Texas law. Pierro Decl. ¶ 11–12. Relator also alleges certain actions by "Alcon's Consumable Sales Division," presumably referring to Alcon Vision's Cataract Sales Division and Alcon Vision's "Refractive Division," both of which are headquartered in Fort Worth. *See* Compl. ¶¶ 65, 82; Pierro Decl. ¶ 13. Further, Relator alleges that managers in Fort Worth, including Jason Jimenez, targeted him for retaliation. Compl. ¶ 162; Pierro Decl. ¶ 10 (stating that Mr. Jimenez worked in Fort Worth). In contrast, not a single person

or customer identified in the Complaint is based in Pennsylvania. Pierro Decl. ¶¶ 14–17 (stating that all named customers and individuals are based outside Pennsylvania).

Because "the most salient facts" occurred in Fort Worth—and *none* occurred in Pennsylvania—this case belongs in the Northern District of Texas. *See S.L.W. v. Res. for Hum. Dev.*, 2026 WL 821844, at *4 (E.D. Pa. Mar. 25, 2026) (holding this factor "strongly lean[ed] in [defendant]'s favor" where "the most salient facts" occurred in transferee forum); *Harper*, 2020 WL 4039060, at *3 (transferring case where transferor district "has no connection to the particular facts or events giving rise to this action"); *see also Nathan*, 2019 WL 3216613, at *5 (similar).

**2. Defendants' forum choice is more convenient for both parties.**

Transfer serves the convenience of both parties. Where a "Defendant … select[s] a forum that is physically closer to" a plaintiff's "residence," the Defendant's forum choice "weighs in favor of transfer." *Harper*, 2020 WL 4039060, at *3; *see also Nathan*, 2019 WL 3216613, at *5 (fact that plaintiff lived much closer to the transferee district favored transfer). Relator resides in California, which is over a thousand miles closer to Texas than Pennsylvania. *See* Designation Form, Dkt. #1 at 3. And Relator chose to file a related action in Fort Worth, represented by the same law firm that represents him in this case. Tex. Docket; *see also* Settlement Agreement at 3 (reflecting Aaron Peskin of Kang Haggerty LLC, the firm representing Relator in this case, was also his counsel in the Texas case). Relator thus cannot claim any financial barrier or other impediment to transferring this case to Fort Worth. *See Nathan*, 2019 WL 3216613, at *5 (fact plaintiff previously litigated in transferee district favored transfer). The Northern District of Texas is also far more convenient for Defendants, as both Alcon Vision and Alcon Laboratories are based there. *See Pennigar v. Craig*, 2026 WL 1245722, at *2 (E.D. Pa. May 6, 2026). Defendants' forum choice is thus entitled to deference and favors transfer. *Harper*, 2020 WL 4039060, at *3.

**3. Relevant witnesses and evidence are in Fort Worth.**

The location of potential witnesses and evidence both favor transfer to the Northern District of Texas, Fort Worth Division. The majority of the relevant witnesses are located in or near Fort Worth, Texas, because they are current or former employees of Alcon Vision and its Services Division. Pierro Decl. ¶ 15–16; *see also Nathan*, 2019 WL 3216613, at *6 (this factor favored transfer under similar facts). For the same reason, the bulk of the relevant evidence will be located in the Northern District of Texas, Fort Worth Division. Pierro Decl. ¶ 10–11, 15–16; *see, e.g.*, *Berk v. Equifax, Inc.*, 2020 WL 868128, at *1, *5 (E.D. Pa. Feb. 21, 2020) ("location of the evidence" factor favored transfer to the Northern District of Georgia because the "documents related to the business practices Plaintiff challenges" are located at defendant's principal place of business in Atlanta, Georgia); *Mobley v. ADP Screening & Selection Servs., Inc.*, 2013 WL 396165, at *1–3 (D.N.J. Jan. 30, 2013) ("location of evidence germane to the dispute" favored transfer to the District of Colorado because defendant's communications, records, and files were located at its headquarters in Fort Collins, Colorado). Further, Relator has not alleged any facts suggesting that this case will involve witnesses or evidence located in Pennsylvania.

**4. Relator's forum preference is not entitled to deference.**

Relator's forum preference does not weigh against transfer for three independent reasons.

First, where a plaintiff's chosen forum has "no connection to" the action, his venue choice is not entitled to "any weight." *Darrup v. Wal-Mart Stores E., LP*, 2021 WL 632625, at *3 (E.D. Pa. Feb. 18, 2021). Here, Relator's claims arise from alleged conduct that has no apparent connection to Pennsylvania. In fact, as described above, Relator has already sued Alcon Vision for retaliation in Fort Worth, Texas because, in his own words, his claim accrued there. *See* Tex. Compl. ¶ 3. In contrast, not a single allegation in the Complaint ties this case to Pennsylvania. *See* pp. 11–12, *supra*.

Second, a plaintiff's chosen forum also "receives considerably less weight" where, as here, "the plaintiff chooses a forum which is not his home." *Nathan*, 2019 WL 3216613, at *4 (internal quotations and citation omitted). Relator is a California resident with no apparent ties to the Eastern District of Pennsylvania. *See* Dkt. #1 at 3, Designation Form.

Third, Relator's interest in his chosen forum is even further "diminished" in a *qui tam*. *United States ex rel. Longo v. Wheeling Hosp., Inc.*, 2019 WL 2417042, at *2 (W.D. Pa. June 10, 2019). The United States is "the real party of interest" in this case and, by declining to intervene, it has expressed no interest in litigating this case in this forum (or any other). *See id.*

* * *

In sum, Relator's forum choice is not entitled to any deference and the remaining private interest factors heavily favor transfer to the Fort Worth Division of the Northern District of Texas.

**B. The Public Interest Factors Likewise Favor Transfer.**

The public interest factors also heavily favor transfer to the Northern District of Texas. *See Nathan*, 2019 WL 3216613, at *6. These factors include: (1) "practical considerations that would make trial easy, expeditious or inexpensive"; (2) "the local forum's interest in deciding the case"; (3) the court's familiarity with state law; (4) enforceability of judgment; and (5) docket congestion. *Pennigar*, 2026 WL 1245722, at *1 (citation omitted). The first three factors weigh in favor of transfer while the last two are neutral. These factors thus reinforce that transfer is warranted.

**1. Texas judges' familiarity with Texas law favors transfer.**

This case presents multiple questions of Texas law that Texas courts are better-situated to address. *See Nathan*, 2019 WL 3216613, at *7 (recognizing that a "case should be decided by the court most familiar with the applicable state law"). First, Defendants intend to argue that Relator is barred from pursuing his retaliation claim given a release that he executed as part of the Texas litigation. In addition, Alcon Vision's service contracts, the terms of which Relator alleges

constituted kickbacks to eye care providers, are governed by and must be interpreted in accordance with Texas law. Pierro Decl. ¶ 12. Texas is thus a more appropriate forum for these claims.

**2. Texas has more of an interest in this case than Pennsylvania.**

When a court assesses the respective interests of the transferor and transferee fora in hearing a given case, the court "must consider the relation of the community in which the courts and jurors are required to serve and the occurrences which give rise to the litigation." *Howell v. Shaw Indus.*, 1993 WL 387901, at *7 (E.D. Pa. Oct. 1, 1993). In this regard, Relator's jury trial demand is significant. Courts assessing § 1404(a) motions have stressed that the responsibility of jury service ought not to be imposed on "members of a community with little or no connection to the litigation." *Delta/Ducon Components Grp. Co. v. Ducon Env't Sys., Inc.*, 2000 WL 378057, at *1 (E.D. Pa. Mar. 29, 2000); *see also Harper*, 2020 WL 4039060, at *5 (similar).

Yet, Relator's claims have *no* alleged connection to this District. Relator is a California resident suing Texas-based companies for alleged conduct centered in Texas. "Consequently, it would not be in the public interest to subject the citizens of this community to the burdens of jury service in this case." *Bogollagama v. Equifax Info. Servs., LLC*, 2009 WL 4257910, at *6 (E.D. Pa. Nov. 30, 2009) (citation omitted). Texas has a far closer connection to this case and a greater interest in hearing it. *See Nathan*, 2019 WL 3216613, at *6 (transferee district had "greater interest in the underlying controversy" that arose there). The "presence of the headquarters of" Alcon Vision's Services Division, the locus of the alleged conduct, and the Texas residences of "multiple persons involved in the events giving rise to the case" give Texas a strong "local interest in [the] case." *Lockheed Martin*, 2023 WL 8719443, at *7 (transferring FCA case to Fort Worth Division).

This factor therefore "strongly favors the transfer of this action" to the Northern District of Texas. *Bogollagama*, 2009 WL 4257910, at *6.

**3. Practical considerations, such as witness locations, also favor transfer.**

Where the majority of "facts underlying" the claims occurred in the proposed transferee "District and most of the witnesses are likely to be located there," practical considerations of the case "weigh[] in favor of transfer." *Pennigar*, 2026 WL 1245722, at *3. As discussed above, the locus of the alleged conduct, likely witnesses, and Relator himself, are all located within or much closer to Texas. *See* pp. 11–13, *supra*. This factor thus favors transfer, too. *See Pennigar*, 2026 WL 1245722, at *3; *see also Nathan*, 2019 WL 3216613, at *6 (concluding "practical considerations" favored transfer to the Eastern District of Virginia because "most of the facts underlying Plaintiffs' alleged claims occurred in the EDVA," so "most of the witnesses are likely to be located in or around" that district, and because plaintiff lived closer to Virginia than to Pennsylvania, where he had originally filed the case); *S.L.W.*, 2026 WL 821844, at *4 (finding this factor favored transfer where "trial would be easier, [and] more expeditious … if it were to occur in the" transferee district); *Miller v. Walmart, Inc.*, 2025 WL 2901072, at *3 (E.D. Pa. Oct. 10, 2025) (similar).

**4. The last two public interest factors are merely neutral.**

The final public interest factors concern the enforceability of a judgment and the relative congestion of the two courts' dockets. Both factors are neutral. The enforceability-of-judgment factor is neutral because a judgment would be enforceable in either district. *See Pennigar*, 2026 WL 1245722, at *3; *Nathan*, 2019 WL 3216613, at *6. And the congestion factor is neutral because there is little difference in the congestion of the two courts' dockets.[4] *See McKinney v.*

[4] *See* U.S. Courts, Federal Court Management Statistics: U.S. District Courts–Combined Civil and Criminal (Dec. 31, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf (as of December 31, 2025, the Eastern District of Pennsylvania had 514 pending cases per-judgeship, while the Northern District of Texas had 536).

*Pinter*, 2019 WL 952247, at *7 (E.D. Pa. Feb. 26, 2019) (holding this factor was neutral because there were not "considerable differences between the two districts[']" docket congestion).

## CONCLUSION

The Court should transfer this action to the Fort Worth Division of the Northern District of Texas because (1) venue is proper there and (2) the private and public interest factors overwhelmingly favor transferring the case to that District. The balance of private and public interests show that the convenience of the parties and witnesses and the interest of justice would be better served by litigating this case in the Fort Worth Division of the Northern District of Texas.

Alcon Vision and Alcon Laboratories, Inc. therefore respectfully request that this Court transfer this action to the Fort Worth Division of the Northern District of Texas.

Dated: September 2, 2026

Respectfully submitted,

*/s/ Amy B. Carver*
Catherine M. Recker (PA ID No. 56813)
Amy B. Carver (PA ID No. 84819)
**WELSH & RECKER, P.C.**
306 Walnut Street
Philadelphia, PA 19106
Tel: (215) 972-6430
Fax: (985) 617-1021
cmrecker@welshrecker.com
abcarver@welshrecker.com

Ilene Albala (admitted *pro hac vice*)
J. Kirk Ogrosky (admitted *pro hac vice*)
Jordan L. Moran (admitted *pro hac vice*)
Jenna Welsh (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
1900 N Street, NW
Washington, DC 20036
Tel: +1 202 346 4000

*Counsel for Defendants Alcon Inc.; Alcon Laboratories, Inc.; and Alcon Vision, LLC.*

**CERTIFICATE OF SERVICE**

I, Amy B. Carver, hereby certify that I caused a true and correct copy of the foregoing Motion to Transfer Venue to be filed with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania using the ECF system, and the filing is available for viewing and download from the ECF system, and a true and correct copy was served via ECF on all counsel of record registered with the ECF system.

Dated: September 2, 2026

*/s/ Amy B. Carver*
Amy B. Carver

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA, *ex rel.*, LAFE BALL,

*Plaintiff,*

v.

ALCON, INC., ALCON LABORATORIES, INC., and ALCON VISION, LLC,

*Defendants.*

Case No. 2:23-cv-03414-NIQA

**ORDER**

AND NOW, this ___ day of ___________, 2026, upon consideration of Defendants Alcon Vision, LLC and Alcon Laboratories, Inc.'s Motion to Transfer Venue (the "Motion to Transfer"), and Plaintiff's response thereto, it is hereby **ORDERED** that the Motion to Transfer is **GRANTED**. The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Texas, Fort Worth Division.

**BY THE COURT:**

____________________________________

**HON. NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*